IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN L. JOHNSON, Jr.

      Petitioner,                   No. CIV S-10-1084 GGH P

    vs.

CDCR, et al.,

      Respondents.             ORDER AND

_____/     FINDINGS & RECOMMENDATIONS

        Petitioner, a state prisoner proceeding pro se, has filed purported to file both an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration that makes the showing required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted, but only inasmuch as the pleading will be construed as a habeas petition.  28 U.S.C. § 1915(a).

        In the portion of his filing that presents as a habeas application, petitioner states that he was convicted of battery on a peace officer while he was in prison on March 24, 2010, and given a sentence of twelve months.  Petition, p. 2.  Petitioner claims that the Board of Prison Terms (which is now denominated the Board of Parole Hearings [BPH]) violated his right to due process and the California Department of Corrections and Rehabilitation (CDCR) deducted 150

1

days of credit even though Senate Bill chapter 28 section 2932(A)(3) states that only 90 days of credit can be deducted for a misdemeanor.  Id., at 3.

Petitioner apparently predicates his claims of a due process violation on the permanent injunction of Valdivia v. Schwarzenegger, No. CIV-S 94-0671 LKK (E.D. Cal.).  Id.  He states a parole hold was placed on him by his parole officer while he was in custody on March 24, 2010, that he was not violated on parole until March 30, 2010, even though his parole officer's supervisor had only 48 hours to decide whether to violate him.  Id.  He did not receive written notice of the charges until April 7, 2010, even though this was supposed to occur within 72 hours.  Id.  Petitioner was supposed to see an attorney and Deputy Commissioner within 13 business days of the parole hold but this did not happen until 15 business days later on April 13, 2010.  Id.  Petitioner was offered nine months with half time because his due process rights were violated but petitioner refused the offer because another cellmate, Jason Mitchell, had received four months with half time for the same charge on the same officer two weeks before him.  Id.  Petitioner references again the 150 days credit he alleges the CDCR wrongly deducted rather than the 90 days credit loss.  Id.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies.  The claims have not been presented to the California

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[2]

To the extent petitioner seeks to proceed on the same claims against CDCR and BPH in a separate action under 42 U.S.C. § 1983 (see pages 7-57) for money damages, he may not do so in the instant action. In the first place, his claims would be barred by Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). In Heck, supra, an Indiana state prisoner brought a civil rights action under § 1983 for damages. Claiming that state and county officials violated his constitutional rights, he sought damages for improprieties in the investigation leading to his arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful voice identification procedure"). Convicted on voluntary manslaughter charges, and serving a fifteen year term, plaintiff did not seek injunctive relief or release from custody. The United States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983.

Heck, 512 U.S. at 486, 114 S. Ct. at 2372. The Court expressly held that a cause of action for damages under § 1983 concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has been invalidated, expunged or reversed. Id.

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

1   In Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584 (1997), the Supreme Court
2   held that Heck applies to challenges to prison disciplinary hearings when the nature of the
3   challenge to the procedures could be such as necessarily to imply the invalidity of the judgment.
4   Edwards rejected the Ninth Circuit's holding in Gotcher v. Wood, 66 F.3d 1097, 1099 (9th Cir.
5   1995) that a claim challenging only the procedures employed in a disciplinary hearing is not
6   barred by Heck.

7   Under Heck, a plaintiff is also barred from challenging the validity of his
8   confinement resulting from a parole revocation hearing until the parole board's decision has been
9   reversed, expunged, set aside or called into question. Jones v. Cassidy, 2009 WL 2058260 *2
10  (N.D. Cal. 2009), citing Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th
11  Cir.1995).

12  Furthermore, to the extent that petitioner, as plaintiff, seeks to state a claim under
13  § 1983 for the defendants allegedly having failed to comply with the Valdivia injunction,
14  plaintiff fails to do so.

> A remedial court order, standing alone, cannot serve as the basis
> for liability under 42 U.S.C. § 1983 because such orders do not
> create "rights, privileges or immunities secured by the Constitution
> and laws" of the United States. Green v. McKaskle, 788 F.2d 1116,
> 1123-24 (5th Cir.1986) (remedial decrees are means by which
> unconstitutional conditions are corrected but do not create or
> enlarge constitutional rights); see also DeGidio v. Pung, 920 F.2d
> 525, 534-35 (8th Cir.1990). To the extent plaintiff claims that the
> Valdivia injunction has been violated, he must apply for relief in
> that case. As a California parolee, plaintiff apparently is a class
> member in the Valdivia class action and therefore should seek
> relief by "urging further actions through the class representative
> and attorney, including contempt proceedings, or by intervention in
> the class action." Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th
> Cir.1988) (en banc).

23  Jones v. Cassidy, 2009 WL 2058260 *1. The action pursuant to § 1983 is inapposite in this
24  habeas filing and will be stricken. Should petitioner, despite this court's finding that he has not
25  framed a colorable claim, nevertheless seek to proceed as plaintiff under § 1983, he must do so
26  by filing a separate action.

4

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner (but not as plaintiff) is granted leave to proceed in forma pauperis;

2. To the extent that petitioner has attempted to proceed in this action both pursuant to 28 U.S.C. § 2254 and under 42 U.S.C. § 1983, his action under § 1983 is deemed stricken from the instant petition.

3. Notwithstanding the court's having found that petitioner as plaintiff has not framed a colorable claim under § 1983, should he seek to proceed in a civil rights action, he must do so by filing a separate case.

4. The Clerk of the Court is directed to serve a copy of these findings and recommendations together with a copy of the petition filed in the instant case on the Attorney General of the State of California;

4. The Clerk of the Court is directed to assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 3, 2010

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
john1084.103+